**FILED**



*3:26 pm, 9/16/22*

**Margaret Botkins
Clerk of Court**

Freeburg Law, LLC
Alex F. Freeburg, Bar No. 7-5182
PO Box 3442
Jackson, WY 83001

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JOHN JESSOP, | |
| Plaintiff, | Case No. 22-CV-165-NDF |
| vs. | |
| BAIRCO CONSTRUCTION INC.; SORENSEN DESIGN & CONSTRUCTION, INC.; DEVIN BAIR FAMILY TRUST, THROUGH DEVIN AND STACY BAIR, trustees; JEROLD WILLIAMS, individually; and JOHN DOES 1-10. | |
| Defendants. | |

### FIRST AMENDED COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff John Jessop and for his Complaint against Defendants

Bairco Construction, Inc., Devin Bair Family Trust, through Devin and Stacy Bair,

trustees, Sorensen Design & Construction, Inc., and John Does 1-10 alleges as follows:

### INTRODUCTION

John Jessop is 21 years old from Colorado City, Arizona and was catastrophically

injured by a fly-by-night construction contractor who was erecting a multimillion-dollar

steel garage and toy building in Lovell, Wyoming.

Bairco Construction, Inc. is a successful construction business in Lovell,

Wyoming. Bairco Construction, Inc. was building a steel garage and toy building in

Lovell, Wyoming for personal or business use. Either Bairco or Sorensen Design & Construction, Inc. was the general contractor on the project. They needed construction labor beyond the regular Bairco Construction employees. Upon information and belief, the Bairs hired  Sorensen Design & Construction, Inc. to serve as either the general contractor or a subcontractor on the project. The Bairs also hired Jerold Williams, either individually or through his business to provide labor. Bairco Construction, Inc. and Mr. Williams brought Mr. Jessop to Wyoming to work on the steel toy building.

On March 26, 2022, Mr. Jessop was in a scissor lift with his co-worker and cousin, Troy Hammon, aged 20.

 

The boys were in the scissor lift about 30 feet off the ground and attaching a piece of metal to the building frame. Because Mr. Hammon was six days "senior" to Mr. Jessop on the job, Mr. Hammon was charged with operating the scissor lift with Mr. Jessop as a passenger. Despite clear OSHA requirements, Mr. Hammon had never been trained on the safe operation of the scissor lift. For an unknown reason, the scissor lift went off the concrete pad, tipped over, and threw the boys 30 feet to the ground. Both were injured. Mr. Jessop broke both feet and shattered his right ankle, leading to surgery and the placement of a steel plate and screws in his right foot. With a steel plate in the arch of his foot, he can no longer walk normally and is thought to have permanent impairment.

Mr. Jessop was paid $1,800 cash for his 6 days on the project and received an apology from Jerold Williams. At the time, his fiancé was 7 months pregnant with their second child.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff John Jessop ("Mr. Jessop" or "Plaintiff") is a resident of Colorado City, Arizona.

2. Defendant Bairco Construction, Inc. (hereinafter "Bairco Construction") is a Wyoming Corporation.

3. Stacy Bair is Bairco Construction, Inc.'s registered agent with an address of 1164 Road 7, Lovell, Wyoming.

4. Upon information and belief, Stacy and Devin Bair are the trustees of the Devin Bair Family Trust.

5. The Devin Bair Family Trust owns the real property located at 1050 Shoshone Lane, Lovell, Wyoming, where this fall occurred.

6. Defendant Sorensen Design & Construction, Inc. (hereinafter "Sorensen") is a corporation incorporated in Utah with its principal place of business at 1075 E. Hwy 40, Vernal, Utah, 84078.

7. Upon information and belief, Defendant Jerold Williams is a resident of Utah.

8. John Doe Number One was acting as a subcontractor within the State of Wyoming at the time of these alleged acts;

9. John Doe Number Two is a business which owns the scissor lift that fell on March 26, 2022, injuring Mr. Jessop.

10. Jurisdiction is based on diversity of citizenship between Plaintiff and Defendants and the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000). 28 U.S.C. 1332.

11. This Court has personal jurisdiction over Defendants based upon their contacts with the State of Wyoming at the time of the events alleged in this Complaint; specifically:

   a. Defendant Bairco Construction is a Wyoming corporation;

   b. Devin and Stacy Bair, trustees of the Devin Bair Family Trust, are residents of Wyoming;

   c. The Devin Bair Family Trust owns real property in Wyoming;

   d. Sorensen purposefully availed itself of Wyoming and conducted business herein at the time of these alleged acts;

e.  Jerold Williams was acting as subcontractor or employee within the State of Wyoming at the time of the alleged acts;

f.  John Doe Number One was acting as a subcontractor within the State of Wyoming at the time of these alleged acts;

g.  John Doe Number Two purposefully availed itself of Wyoming and conducted business herein at the time of these alleged acts;

h.  The claims alleged in this Complaint arise out of Defendants' purposeful contacts with Wyoming; and

i.  John Does 3-10 were involved in the construction project at the time of the alleged acts.

12. The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the District of Wyoming, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

13. In March of 2022, Mr. Jessop was living in Colorado City, Arizona. With a baby on the way, Mr. Jessop needed to make money.

14. Mr. Troy Hammon, Mr. Jessop's cousin, was aware of Mr. Jessop's financial need.

15. Mr. Hammon connected Mr. Jerold Williams with Mr. Jessop to discuss an opportunity to work on a construction project in Lovell, Wyoming (the Construction Project).

16. Upon information and belief, Sorensen was the general contractor for the Construction Project.

17. Upon information and belief, Mr. Williams was either an employee or subcontractor of either Bairco Construction, Devin and Stacy Bair as trustees of the Devin Bair Family Trust (collectively the "Bair Defendants"), Sorensen or another unknown entity.

18. Arrangements were made between the Bair Defendants, Sorensen, Mr. Williams, and any unknown entities, for Mr. Hammon and Mr. Jessop to be brought to Wyoming to work on the Construction Project.

19. The boys rode in Mr. Williams' truck to Wyoming. Mr. Williams paid all travel expenses.

20. The boys arrived in Lovell, Wyoming on March 19, 2022, and stayed at the Horseshoe Bend Motel.

21. The Bair Defendants paid the Horseshoe Bend Motel directly for the boys' motel room.

22. On or about March 20, 2022, the boys began to work on the Construction Project.

23. At the job site, Sorensen, Bairco Construction and/or Devin and Stacy Bair as trustees of the Devin Bair Family Trust, exercised control over the manner in which Mr. Williams, Mr. Hammon, and Mr. Jessop performed their work.

24. At the job site, Sorensen, Bairco, Inc. and/or Devin and Stacy Bair as trustees of the Devin Bair Family Trust could reasonably have been expected to prevent or abate violations of safety standards by reason of their supervisory capacity.

25. At the job site, Sorensen, Bairco, Inc. and/or Devin and Stacy Bair as trustees of the Devin Bair Family Trust all had authority to direct the boys' work.

26. Mr. Jessop pleads in the alternative that he was an employee of each of the respective defendants.

27. Mr. Jessop pleads in the alternative that he was an independent contractor of the Bair defendants.

28. One of the boys' jobs was to attach metal siding to the steel building.

29. To attach siding, the boys used a scissor lift to go up and down the side of the building.

30. Generally, Hammon operated the scissor lift and Jessop attached the metal siding.

31. The pieces of metal siding were approximately 30 feet long and 6 inches wide.

32. To raise the metal pieces, Jessop would hold the siding tight against the edge of the scissor lift bucket while Hammon raised the lift.

33. The Bair Defendants were specifically aware that the boys were using the scissor lift to work on their building.

34. Bairco had its regular construction employees on site, who saw the boys use the lift in this manner.

35. Jerold Williams saw the boys use the lift in this manner.

36. The lift belonged to John Doe 2, which made no efforts to ensure the scissor lift was used properly.

37. The Occupational Health and Safety Administration (OSHA) requires employers to train scissor lift operators in the safe usage of scissor lifts. See 29 CFR 1926.454. Despite these clear requirements to train employees in the use of scissor lifts and to ensure the safe operation of scissor lifts, Sorensen, the Bair Defendants, Mr. Williams, and John Does 1-10, allowed, directed and caused the boys to improperly use the scissor lifts.

38. These actions by Sorensen, the Bair Defendants, Mr. Williams, and John Does 1-10 increased the dangers associated with use of a scissor lift.

39. On March 26, 2022, the boys were using the scissor lift. The scissor lift was a 30-foot scissor lift and nearly fully extended. Mr. Hammon was operating the lift. Mr. Jessop was holding the metal siding tight.

40. For an unknown reason, the scissor lift went off the concrete pad, tipped over, and threw the boys to the ground.

41. Mr. Jessop landed on his feet, breaking them both.

42. Mr. Jessop was brought by ambulance to North Big Horn Hospital and transported to Billings, Montana.

43. Mr. Jessop had surgery in Billings, Montana to stabilize his condition and then further surgery in St. George, Utah.

44. Mr. Jessop suffered permanent and catastrophic injuries as further set forth herein.

45. Mr. Williams paid Mr. Jessop $1,100.00 for his wages. When Mr. Jessop complained that he was hurt, Mr. Williams paid him an additional $700.00.

## CLAIMS

### FIRST CLAIM: NEGLIGENCE AGAINST BAIRCO CONSTRUCTION INC. AND/OR SORENSEN DESIGN & CONSTRUCTION, INC.

46. All paragraphs are incorporated herein.

47. Upon information and belief, Bairco Construction Inc. was acting as the general contractor on the Construction Project.

48. Alternatively, Sorensen was acting as the general contractor on the Construction Project.

49. Bairco and/or Sorenson had a duty to use ordinary care and to act as a reasonable general contractor under the circumstances.

50. By reason of its supervisory capacity, Bairco and/or Sorensen was reasonably expected to prevent or abate safety standard violations on the Construction Project.

51. Bairco and/or Sorenson breached its duty of care by:

    a. Failing to ensure that Hammon and Jessop were trained to operate and use the scissor lift;

    b. Failing to stop the unsafe operation and use of the scissor lift that its owners, managers, and employees witnessed;

    c. Allowing and directing the operation of the scissor lift on the concrete pad with its dangerous drop off;

    d. Hiring unsafe subcontractors;

    e. Allowing unsafe subcontractors to work on its project;

f.   Increasing the dangers associated with the use of a scissor lift by allowing it to be operated by untrained personnel;

g.   Failing to prevent or abate safety standard violations;

h.   General negligence; and,

i.   Other acts and omissions as uncovered through litigation;

52. Bairco and/or Sorenson's breach of its duty of care was separate and independent from the negligence of other actors, in whole or in part.

53. Bairco and/or Sorenson's breach of its duty of care caused Plaintiff's injuries and damages as further set forth herein.

**SECOND CLAIM: NEGLIGENCE PER SE AGAINST BAIRCO CONSTRUCTION INC. AND/OR SORENSEN DESIGN AND CONSTRUCTION, INC.**

54. All paragraphs are incorporated herein.

55. Upon information and belief, Bairco Construction Inc. was acting as the general contractor on the Construction Project.

56. Alternatively, Sorensen was acting as the general contractor on the Construction Project.

57. By reason of its supervisory capacity, Bairco and/or Sorensen was reasonably expected to prevent or abate safety standard violations on the Construction Project.

58. OSHA requires employers to provide workers training on hazards associated with the operation of scissor lifts, including how to work safely with or near a scissor lift. 29 CFR 1926.454.

59. Other OSHA standards apply to the use of scissor lifts that are intended to protected persons like Mr. Jessop from sustaining injuries. Bairco and/or Sorensen was responsible for preventing or abating violations of these standards: 29 CFR 1910.23, 1910.23, 1910.28, 1910.29, 1910.333, 1926.21, 1926.451, 1926.452, and 1926.454, among others.

60. Bairco and/or Sorensen violated the applicable OSHA standards, causing injury to Plaintiff.

61. At the time of his injuries, Plaintiff was in the class of persons intended to be protected by the applicable OSHA regulations.

62. Bairco and/or Sorensen's breach of its duty of care was independent of the negligence of other actors, in whole or in part.

63. Bairco and/or Sorensen's breach of its duty of care caused Plaintiff's injuries and damages as further set forth herein.

### THIRD CLAIM: NON-DELEGABLE DUTY OF CARE
### AGAINST BAIRCO CONSTRUCTION, INC.

64. All paragraphs are incorporated herein.

65. Bairco and/or Sorensen had a non-delegable duty of care to Jessop because:

   a. The operation of scissor lift is generally an ultra-hazardous activity;

   b. Bairco and/or Sorensen increased the dangers associated with use of a scissor lift by allowing it to be operated by untrained personnel;

   c. Or Bairco and/or Sorensen had notice that this scissor lift was operated in unsafe manner and was an ultra-hazardous activity;

> d. Or the operation of this specific scissor lift—on these facts and allegations—is an ultra-hazardous activity;
>
> e. Or Bairco and/or Sorensen exercised a controlling and pervasive role over the independent contractor's work;
>
> f. Or Bairco and/or Sorensen assumed affirmative safety duties.

66. Bairco and/or Sorensen breached its non-delegable duty of care.

67. Bairco and/or Sorensen's breach of its duty caused Plaintiff's injuries and damages as further set forth herein.

## FOURTH CLAIM: PREMISES LIABILITY AGAINST DEVIN AND STACY BAIR AS TRUSTEES OF THE DEVIN BAIR FAMILY TRUST

68. All paragraphs are incorporated herein.

69. The Devin Bair Family trust owns the real property located at 1050 Shoshone Lane, Lovell, Wyoming where this fall occurred.

70. Upon information and belief, Stacy and Devin Bair are the trustees of the Devin Bair Family Trust.

71. Devin and Stacy Bair, as trustees of the Devin Bair Family Trust owe a duty to act as a reasonable person in a reasonably safe manner in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk.

72. Devin and Stacy Bair, as trustees of the Devin Bair Family Trust had an affirmative duty to protect Jessop against dangers known to it and dangers discoverable with the exercise of ordinary care.

73. The Devin Bair Family Trust can only act through its trustees, who, upon information and belief, are Devin or Stacy Bair, or both.

74. The trustees of the Devin Bair Family Trust knew or should have known of:

    a. That the operation of the scissor lift on the concrete pad was unsafe;

    b. That they aggravated the natural condition of the land by creating the concrete pad, which was unsafe for the operation of a scissor lift;

    c. That the operation of the scissor lift was generally unsafe on the premises under the circumstances;

75. The trustees of the Devin Bair Family Trust breached its duty of care by:

    a. Allowing the operation of the scissor lift on the concrete pad;

    b. Generally allowing the operation of the scissor lift on the premises under the circumstances;

    c. Increasing the dangers associated with use of a scissor lift by allowing it to be operated by untrained personnel;

    d. Aggravating the natural condition of the land by creating the concrete pad for the operation of the scissor lift; or

    e. Other negligence.

76. The trustees of the Devin Bair Family Trust's breach of their duty of care was independent of the negligence of other actors, in whole or in part.

77. The trustees of the Devin Bair Family Trust's breach of their duty of care caused Plaintiff's injuries and damages as further set forth herein.

**FIFTH CLAIM: NEGLIGENT HIRING OF AN INDEPENDENT CONTRACTOR BY THE TRUSTEES OF THE DEVIN BAIR FAMILY TRUST, BAIRCO CONSTRUCTION INC., OR SORENSEN DESIGN & CONSTRUCTION, INC.**

78. All paragraphs are incorporated herein.

79. The Devin Bair Family trust owns the real property located at 1050 Shoshone Lane, Lovell, Wyoming where this fall occurred.

80. Upon information and belief, the Devin Bair Family Trust hired the independent contractor that employed Jessop.

81. In the alternative, Sorensen hired the independent contractor that employed Jessop.

82. In the alternative, Bairco Construction, Inc. hired the independent contractor that employed Jessop.

83. The trustees of the Devin Bair Family Trust, Sorensen, or Bairco Construction failed to exercise reasonable care to employ a competent and careful contractor to do work which involves a risk of physical harm unless it is skillfully and carefully done, or to perform a duty which they owe to third persons.

84. The contractor negligently caused the injury to Jessop.

85. The trustees of the Devin Bair Family Trust, Sorensen, or Bairco Construction failure to exercise reasonable care to employ the contractor caused injuries to Jessop.

86. The trustees of the Devin Bair Family Trust, Sorensen, or Bairco Construction breach of the duty of care caused Plaintiff's injuries and damages as further set forth herein.

87. The trustees of the Devin Bair Family Trust, Sorensen, or Bairco Construction's breach of the duty of care was independent of the negligence of other actors, in whole or in part.

## SIXTH CLAIM: RESPONDEAT SUPERIOR FOR THE NEGLIGENCE OF MR. HAMMON - AGAINST ALL DEFENDANTS

88. All paragraphs are incorporated herein.

89. Mr. Hammon was acting in the course and scope of employment.

90. Upon information and belief, Mr. Hammon was paid in cash, so it is unclear which Defendant(s) is or are his employer(s).

91. Mr. Jessop pleads in the alternative that Bairco, Devin and Stacy Bair jointly or individually, the Devin Bair Family Trust, Joshua Rohbock, SJS Construction, Jerold Williams, or John Does 1-10 are the employer of Mr. Hammon.

92. Mr. Hammon's employer is vicariously liable for his negligence.

93. Mr. Hammon's negligence caused Plaintiff's injuries and damages as further set forth herein.

## SEVENTH CLAIM: NEGLIGENCE AGAINST JEROLD WILLIAMS OR JOHN DOE ONE

94. All paragraphs are incorporated herein.

95. Upon information and belief, Jerold Williams or his business entity ("John Doe One"), brought Jessop to Lovell, Wyoming.

96. Jerold Williams or his business entity owed Jessop a duty of ordinary care.

97. Jerold Williams or his entity breached their duty of care by:

    a. Failing to ensure that Hammon and Jessop were trained to operate the scissor lift;

b.  Failing to stop the unsafe operation and use of the scissor lift that its owners, managers, and employees witnessed;

c.  Allowing and directing the operation of the scissor lift on the concrete pad with its dangerous drop off;

d.  Hiring unsafe subcontractors;

e.  Allowing unsafe subcontractors to work on its project;

f.  General negligence; and,

g.  Other acts and omissions as uncovered through litigation;

98. Mr. Williams or his entity's negligence was independent of the negligence of other actors, in whole or in part.

99. Mr. Williams or his entity's negligence caused Plaintiff's injuries and damages as further set forth herein.

## EIGHTH CLAIM: NEGLIGENCE AGAINST JOHN DOES 3-10

100.    All paragraphs are incorporated herein.

101.    John Does 3-10 owed Plaintiff a duty of care.

102.    John Does 3-10 breached their duty of care by:

a.  Failing to ensure that Hammon and Jessop were trained to operate the scissor lift;

b.  Failing to stop the unsafe operation and use of the scissor lift that John Does 3-10 owners, managers, and employees witnessed;

c.  Allowing and directing the operation of the scissor lift on the concrete pad with its dangerous drop off;

 d. Hiring unsafe subcontractors;

 e. Allowing unsafe subcontractors to work on its project;

 f. Increasing the dangers associated with use of a scissor lift by allowing it to be operated by untrained personnel;

 g. General negligence; and,

 h. Other acts and omissions as uncovered through litigation;

## DAMAGES

1. Plaintiff incorporates by reference all paragraphs in this Complaint as if fully set forth herein.

2. As a direct and proximate result of Defendants' negligent, reckless, willful and wanton acts and omissions, Mr. Jessop suffered serious injuries and damages, including but not limited to:

 a. Past, present and future medical expenses, in an amount to be proven at trial;

 b. Past, present and future loss of income and earning capacity in an amount to be proven at trial;

 c. Other economic loss;

 d. Past, present and future physical, mental, and emotional pain and suffering damages, in an amount to be proven at trial;

 e. Past, present and future loss of enjoyment of life in an amount to be proven at trial;

f.   Past, present and future disfigurement and disability in an amount to be
     proven at trial;

g.   Past, present and future caretaking expenses in an amount to be proven at
     trial;

h.   Past, present and future pecuniary losses in an amount to be proven at
     trial

i.   Punitive damages sufficient punish defendants and deter others from
     similar conduct;

j.   All allowable costs, expenses, and fees associated with this litigation; and

k.   All other damages allowed under the laws of the State of Wyoming.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Jessop, requests this Court grant judgment as follows:

I.      Judgment against Defendants for economic damages in an amount consistent

with the allegations contained herein and to be proven at trial;

II.     Judgment against Defendants for non-economic damages in an amount

consistent with the allegations contained herein and to be proven at trial;

III.    Judgment against Defendants for punitive damages in an amount consistent with

the allegations contained herein and to be proven at trial; and,

IV.     Judgment for costs, expenses, fees, interest, and other such further relief as the

Court deems just and equitable.

Dated September 16, 2022.

Alex. F. Freeburg, Bar No. 7-5182
Freeburg Law, LLC
Box 3442
Jackson, WY 83001

DEMAND FOR JURY TRIAL

Plaintiff, through counsel, requests that this matter be tried to a jury, pursuant to

Federal Rule of Civil Procedure 38.

Dated September 16, 2022.

_____

Alex. F. Freeburg, Bar No. 7-5182
Freeburg Law, LLC
Box 3442
Jackson, WY 83001